UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

**FILED**

JAN 0 8 2007

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

|   |   |   |
|---|---|---|
| SHANE PROVOST, | * | CIV. 06-4156 |
|   | * |   |
| Petitioner, | * |   |
| -vs- | * | ORDER |
|   | * |   |
| DOUG WEBER, | * |   |
|   | * |   |
| Respondent. | * |   |
|   | * |   |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Petitioner, Shane Provost, an inmate at the South Dakota State Penitentiary, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent has filed an Answer and Motion to Dismiss (Doc. 9).

## JURISDICTION

The pending matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Judge Piersol's Standing Order dated November 29, 2006.

## PROCEDURAL HISTORY

Petitioner was convicted of aggravated assault, possession of a firearm by a convicted felon, possession of a firearm with an altered serial number, and of a habitual offender charge in Hughes County, Sixth Judicial Circuit, South Dakota. Judgment was entered on his convictions on March 10, 2003. Petitioner appealed his convictions to the South Dakota Supreme Court. The South Dakota Supreme Court summarily affirmed the convictions on November 23, 2003. It does not appear that Petitioner filed a petition for writ of certiorari to the United States Supreme Court.

Petitioner filed a state habeas corpus petition in Hughes County on May 2, 2005. The circuit court held a hearing on July 8, 2005, and thereafter denied Petitioner's state habeas claims on September 2, 2005. The circuit court likewise denied Petitioner's motion for certificate of probable cause on May 18, 2005. The South Dakota Supreme Court denied Petitioner's motion for certificate of probable cause on June 30, 2006. Petitioner filed the instant § 2254 petition for habeas corpus on September 11, 2006, stating "ineffective assistance of counsel, lack of time, prepration [sic] and investigation" as the sole ground on which he alleges his Constitutional rights were violated.

## DISCUSSION

### AEDPA Statute of Limitations

Petitioner's federal habeas petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), which imposes a one-year statute of limitations for filing federal habeas petitions. 28 U.S.C. § 2244(d)(1); Beery v. Ault, 312 F.3d 948, 949 (8th Cir. 2003). The federal limitations period runs from the date on which Petitioner's state judgment became final by the conclusion of direct review or the expiration of time for seeking direct review. Id. By Supreme Court rule, a petitioner has 90 days from the date of entry of judgment in a state court of last resort to petition for certiorari. Id., Sup. Ct. R. 13. The statute of limitations is tolled, however, while "a properly filed application for State post-conviction review is pending." Id.; § 2244(d)(2).

Judgment was entered on Petitioner's conviction on March 10, 2003. He filed a notice of appeal to the South Dakota Supreme Court on April 8, 2003. The South Dakota Supreme Court summarily affirmed his conviction on November 24, 2003. It does not appear he filed a petition for certiorari with the United States Supreme Court. He filed his state habeas action on May 2, 2005. The writ was denied on September 2, 2005, and both the circuit court and South Dakota Supreme Court denied certificates of probable cause–the latter on June 30, 2006. Petitioner filed his federal application for writ of habeas corpus on September 11, 2006.

It appears, therefore, that Petitioner's state judgment became final on February 23, 2004 (ninety days after the South Dakota Supreme Court summarily affirmed his conviction). Petitioner had one year from that date to file his federal habeas petition, unless that statute of limitations was tolled by a properly filed state habeas action. Petitioner did not file his state habeas action, however, until May 2, 2005--434 days after his conviction became final–and after the federal habeas limitations period had already expired.

While Petitioner's state habeas petition may have been timely pursuant to South Dakota law (See SDCL § 21-27-3.2), it appears his state habeas was not filed in time to toll the federal one year statute of limitations. See generally, Painter v. State of Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) ("a review of our cases makes clear, however, that the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period."). See also Curtiss v. Mount Pleasant Correctional Facility, 338 F.3d 851, 853 (rejecting the suggestion that the federal filing deadline had not expired because state

petition was timely filed according to state law, and federal petition was filed within one year after state statute of limitations had expired); Jackson v. Ault, 452 F.3d 734, 735 (8th Cir. 2006) ("It does not matter that [petitioner's] . . .state post conviction relief application was timely filed under [state] law. The one year AEDPA time limit for federal habeas filing cannot be tolled after it has expired.").

In Paragraph 2 of its answer Respondent states that "the petition is not barred by a failure to exhaust State remedies, nor are it barred [sic] procedurally, retroactively or due to a statute of limitations." Despite this concession, however, the Court may raise the statute of limitations issue *sua sponte.* Day v. McDonough, 126 S.Ct. 1675, 1684, 164 L.Ed.2d 376 (2006). The Court must, before acting on its own initiative to dismiss the federal petition based on the AEDPA statute of limitations, "accord the parties fair notice and opportunity to present their positions." Id. Further, the Court must "assure itself that the Petitioner is not significantly prejudiced by the delayed focus on the limitation issue, and determine whether the interests of justice would be better served by addressing the merits or dismissing the petition as time barred." Id. Because it appears the AEDPA statute of limitation had expired before Petitioner filed his state habeas application, the Court will order the parties to show cause why his federal petition should not be dismissed as untimely.

## CONCLUSION AND ORDER

Because more than one year passed during which no direct appeal or state habeas petitions were pending, it appears this action may be barred by the AEDPA one year statute of limitations. Therefore: IT IS ORDERED:

(1)  On or before Monday, January 29, 2007, the parties shall file briefs, documentation, and/or other appropriate authority showing cause why Petitioner's federal habeas petition, filed September 11, 2006, should not be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1).

Dated this 8th day of January, 2007.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)          DEPUTY

3